IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOE RANGER PICKETT, # 128361, | ) |
| | ) |
| Petitioner, | ) |
| | ) Civil Action No |
| v. | ) 2:20-cv-162-WHA-CSC |
| | ) (WO) |
| REOSHA BUTLER, et al., | ) |
| | ) |
| Respondents. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the Court on Alabama prisoner Joe Ranger Pickett's petition for writ of habeas corpus under 28 U.S.C. § 2254, by which Pickett challenges his 1985 Pike County conviction for robbery in the first degree and his sentence of 99 years' imprisonment. Docs. 1 and 31.[1] As discussed below, the Court finds that Pickett's petition is due to be dismissed as time-barred under the federal limitation period.

**I.    BACKGROUND**

**A.    State Court Proceedings**

**1.    Pickett's Conviction and Direct Appeal**

On May 28, 1985, a Pike County jury found Pickett guilty of robbery in the first degree, in violation of ALA. CODE § 13A-8-41. Doc. 38-2 at 1. On May 31, 2015, the trial court sentenced Pickett as a two-time prior felony offender to 99 years in prison. Doc. 38-

---

[1] References to "Doc(s)." are to the document numbers of the pleadings, motions, and other materials in the Court file, as compiled and designated on the docket sheet by the Clerk of Court. Pinpoint citations are to the page of the electronically filed document in the Court's CM/ECF filing system, which may not correspond to pagination on the "hard copy" of the document presented for filing.

2 at 2. Pickett appealed, arguing that his conviction was based solely on the uncorroborated testimony of his accomplice. On February 25, 1986, the Alabama Court of Criminal Appeals affirmed Pickett's conviction and sentence by published opinion. Doc. 38-4. *Pickett v. State*, 489 So. 2d 673 (Ala. Crim. App. 1986). Pickett's application for rehearing was overruled on March 25, 1986. *Id*. The Alabama Supreme Court denied Pickett's petition for writ of certiorari on May 30, 1986, and a certificate of judgment issued on that same date. *Id.*

### 2. Pickett's State Postconviction Petitions

After his conviction and sentence were affirmed, Pickett filed numerous petitions in Alabama state court seeking postconviction relief under Rule 32 of the Alabama Rules of Criminal Procedure or under the predecessor to that rule, Rule 20 of the Alabama Temporary Rules of Criminal Procedure. *See* Docs. 38-5 through 38-9. The earliest of Pickett's state postconviction petitions was filed on August 11, 1988, under Ala. R. Crim. P., Temp. Rule 20. *See* Doc. 38-8 at 1. That petition was heard on the merits and denied. *Id*. Pickett filed state postconviction petitions again on May 9, 1989,[2] and August 29, 1991.[3] *Id*. Those petitions, too, were heard on the merits and denied. *Id*.

Pickett filed another Rule 32 petition attacking his conviction and sentence on July 7, 1997. *See* Doc. 38-10 at 1. On August 11, 1997, the trial court dismissed that Rule 32

---

[2] Filed under Ala. R. Crim. P., Temp. Rule 20.

[3] Filed under Ala. R. Crim. P. 32.

petition as time-barred under Ala. R. Crim. P. 32.2(c) and successive under Ala. R. Crim. P. 32.2(b). Doc. 38-9. Pickett appealed, and October 31, 1997, the Alabama Court of Criminal Appeals issued a memorandum opinion affirming the trial court's judgment. Doc. 38-10.

The record reflects that, beginning in July 1998, Pickett filed at least five more Alabama Rule 32 petitions, all of which were denied by the trial court. *See* Docs. 38-11 through 38-25. Pickett's appeals from those denials were all unsuccessful. *Id*.

**B.    Pickett's Federal Petition**

On March 3, 2020, Pickett filed a pro se petition in this Court styled as a "Petition for Writ of Mandamus Pursuant [Fed. R. App. P.] 21. . . Coupled with [Fed. R. Civ. P.] 60(b)(a)(b)." Doc. 1. In the petition, Pickett appeared to seek mandamus relief against various state court officials and entities about decisions made relating to his 1985 robbery conviction and 99-year sentence. *Id*. at 2–4. In addition, Pickett argued that his arrest, conviction, and sentence were the product of conspiracy and fraud by state and federal officials in violation of his constitutional rights. *Id*. This Court initially construed Pickett's petition as a civil action and dismissed it under 28 U.S.C. § 1915(g), which provides that a prisoner may not bring a civil action or proceed on appeal in forma pauperis if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Docs. 4, 6, and 7. However, on June 8,

3

2021 the Eleventh Circuit Court of Appeals vacated this Court's judgment and remanded the matter for further consideration, finding that Pickett's self-styled mandamus petition "challenges his state prison sentence and seeks relief in the form of his immediate release from prison[]" and should therefore be construed as a petition for writ of habeas corpus under 28 U.S.C. § 2254. *Pickett v. Wise*, 849 F. App'x 904, 905 (11th Cir. 2021).

Pickett's case was remanded, and on June 11, 2021, this Court entered an order in compliance with *Castro v. United States*, 540 U.S. 375, 382–83 (2003), advising Pickett that his petition was being construed as a petition for writ of habeas corpus under 28 U.S.C. § 2254 and, as such, would be subject to the procedural limitations for § 2254 petitions, including the one-year period of limitation and the successive-petition bar applicable to § 2254 petitions. Doc. 22. The Court also directed Pickett to submit any amendments to his petition to include any claims he wished to assert under § 2254. *Id*.

Pickett filed a rambling amendment to his § 2254 petition on July 28, 2021, in which he appears to argue that the prosecutor, district court judge, retired U.S. Attorney Louis Franklin, and others fraudulently and maliciously had him arrested for, charged with, and convicted of first-degree robbery and that he is "actually innocent" of the offense of which he was convicted. Doc 31.

Respondents have filed an answer to Pickett's petition as amended in which they argue that Pickett's § 2254 petition is time-barred under the one-year federal limitation period. Doc. 38. The undersigned agrees and, consequently, finds that Pickett's petition

should be DENIED without an evidentiary hearing and that this case should be DISMISSED with prejudice.

## II.  DISCUSSION

**A.  AEDPA's One-Year Statute of Limitations**

Title 28 U.S.C. § 2244(d) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides the statute of limitations for federal habeas petitions and states:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

**B.     Analysis of the Timeliness of Pickett's § 2254 Petition**

As a general rule, a petition for writ of habeas corpus under § 2254 must be filed within a year of the date on which the petitioner's judgment of conviction becomes final, either by the conclusion of direct review or by the expiration of the time for seeking direct review. *See* 28 U.S.C. § 2244(d)(1)(A). Here, during direct review, after the Alabama Court of Criminal Appeals affirmed Pickett's conviction and sentence, Pickett sought certiorari review in the Alabama Supreme Court. That court denied Pickett's petition for writ of certiorari on May 30, 1986, and a certificate of judgment issued on that same date. Because Pickett sought certiorari review in Alabama's highest court, he was allowed 90 days after the state court's May 30, 1986 issuance of a certificate of judgment to seek certiorari review in the U.S. Supreme Court. *See Stafford v. Thompson*, 328 F.3d 1302, 1303 (11th Cir. 2003). Pickett filed no petition for writ of certiorari in the U.S. Supreme Court. Therefore, for purposes of the AEDPA, his judgment of conviction became final on August 28, 1986 (i.e., 90 days after May 30, 1986).

The AEDPA became effective on April 24, 1996. *See Wilcox v. Florida Dept. of Corrections*, 158 F.3d 1209, 1210 (11th Cir. 1998). The Eleventh Circuit has held that "application of the one-year time bar in 28 U.S.C. § 2244(d) to petitions of prisoners, like [Pickett], whose convictions became final long prior to the effective date of the AEDPA … 'would be unfair, and impermissibly retroactive.' [*Goodman v. United States*, 151 F.3d 1335, 1337 (11th Cir. 1998)]." *Wilcox*, 158 F.3d at 1211. Thus, the Eleventh Circuit adopted a "grace period" for petitioners whose convictions became final before enactment

6

of the AEDPA, which allows such persons a reasonable time of "one year from the AEDPA's effective date"—i.e., until April 24, 1997—to file a federal habeas petition. *Id*. Because Pickett's conviction became final before enactment of AEDPA, he had until April 24, 1997—absent any statutory or equitable tolling—to file a § 2254 petition in this Court.

    **1.    Statutory Tolling**

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." Although Pickett filed several state postconviction petitions between August 1988 and August 1991, he filed no state postconviction petitions between April 24, 1996, when the one-year "grace period" began to run, and April 24, 1997, when the limitation period expired after running unabated for one year. None of his state postconviction petitions were pending between April 1996 and April 1997. Although Pickett filed a Rule 32 petition in July 1997, and he filed at least five more Rule 32 petitions after that, none of those July-1997-and-after Rule 32 petitions (or any related proceedings that followed) had a tolling effect under § 2244(d)(2), because the AEDPA limitation period expired on April 24, 1997—before any of those Rule 32 petition were filed. "[O]nce a deadline has expired, there is nothing left to toll." *Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004). "A state court filing after the federal habeas deadline does not revive" the statute of limitations period applicable to federal habeas review. *Id*.; *see also Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001).

7

The tolling provisions of 28 U.S.C. § 2244(d)(1)(B)–(D) do not provide safe harbor for Pickett such that AEDPA's limitation period commenced on some date later than April 24, 1996, or expired on some date later than April 24, 1997. There is no evidence that an unlawful state action impeded Pickett from filing a timely § 2254 petition, *see* § 2244(d)(1)(B), and Pickett submits no ground for relief with a factual predicate not discoverable earlier through exercising due diligence, *see* § 2244(d)(1)(D). Pickett also presents no claim resting on a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *See* 28 U.S.C. § 2244(d)(1)(C).

Pickett filed his § 2254 petition with this Court on March 3, 2020—more than 22 years after the AEDPA's statute of limitations had expired.

### 2. Equitable Tolling

The AEDPA limitation period may be equitably tolled on grounds besides those in the habeas statute if a petitioner untimely files "because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). "[E]quitable tolling is an extraordinary remedy, . . . limited to rare and exceptional circumstances and typically applied sparingly." *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009). The U.S. Supreme Court has held that a habeas petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). "The

8

petitioner bears the burden of showing that equitable tolling is warranted." *Hunter*, 587 F.3d at 1308. Pickett, however, makes no argument, and brings forth no evidence, demonstrating that he is entitled to equitable tolling, and the Court knows of no reason that would support tolling of the limitation period in Pickett's case. Pickett's § 2254 petition is therefore time-barred.

**C.  Actual Innocence**

The AEDPA's statute of limitations can be overcome by a credible showing of actual innocence. *McQuiggin v. Perkins*, 569 U.S. 383, 393–94 (2013). Habeas petitioners asserting actual innocence as a gateway to review of defaulted or time-barred claims must establish that, in light of new evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). The standard exacted by the Supreme Court in *Schlup* "is demanding and permits review only in the "extraordinary" case." *House v. Bell*, 547 U.S. 518, 538 (2006). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623–24 (1998). In *Schlup*, the Supreme Court stated:

> [A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. . . . To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

513 U.S. at 324.

9

Pickett asserts his actual innocence as a gateway to review of the claims in his time-barred § 2254 petition. *See* Docs. 31 and 41. In this regard, he appears to argue that the offense he was guilty of was, at most, second-degree robbery, and not first-degree robbery, because he was aided and abetted by another person in the commission of the offense. Doc. 41. Pickett's argument, however, is unavailing, because it is premised on an incorrect notion that it is legally impossible under Alabama law to commit robbery in the first degree when an aider and abettor participates in the offense. While second-degree robbery under Alabama law, as set forth in ALA. CODE § 13A-8-42, requires the presence of an aider and abettor,[4] one may still commit the offense of first-degree robbery under Alabama law, as set forth in ALA. CODE § 13A-8-41, if there is (or is not) an aider and abettor involved in the offense. Pickett was charged with, and convicted of, a first-degree robbery as that offense is defined under ALA. CODE § 13A-8-41(a)(1), because he was armed with a deadly weapon, a pistol, in the commission of the offense.[5] Doc. 38-1 at 4. That an aider and abettor may also have participated in the robbery[6] did not automatically transform Pickett's offense into second-degree robbery, which, unlike § 13A-8-41(a)(1), does not have being armed with a deadly weapon as an element.[7]

---

[4] *See Ex parte Cole*, 842 So.2d 605, 606–07 (Ala. 2002), overruled on other grounds, *Ex parte Seymour*, 946 So.2d 536 (Ala. 2006); *Hutcherson v. State*, 243 So. 3d 855, 876 (Ala. Crim. App. 2017).

[5] ALA. CODE § 13A-8-41(a)(1) provides that "[a] person commits the crime of robbery in the first degree if he violates Section 13A-8-43 and he . . . [i]s armed with a deadly weapon or dangerous instrument."

[6] No aider and abettor was referred to in Pickett's indictment. Doc. 38-1 at 4.

[7] ALA. CODE § 13A-8-42(a) provides that "[a] person commits the crime of robbery in the second degree if he violates Section 13A-8-43 and he is aided by another person actually present."

10

Pickett's assertion of his actual innocence is based on a legal theory that lacks any merit. Pickett points to no new reliable evidence to support a claim of actual innocence. He therefore fails to satisfy the actual-innocence exception to the habeas statute's time-bar as articulated in *Schlup*. As Justice O'Connor emphasized in *Schlup*, the Supreme Court strove to "ensure that the actual innocence exception remains only a safety valve for the extraordinary case." 513 U.S. at 333 (O'Connor, J., concurring) (internal quotation marks omitted). Pickett's is not such a case.

Because the actual-innocence exception does not apply, the claims in Pickett's time-barred § 2254 petition and amendment are not subject to federal habeas review.

### III.  CONCLUSION

Accordingly, the undersigned Magistrate Judge RECOMMENDS that Pickett's § 2254 petition be DENIED without an evidentiary hearing and that this case be DISMISSED with prejudice.

Additionally, it is ORDERED that the parties shall file any objections to this Recommendation by **April 4, 2022**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which each objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation, and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or

adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see also Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 21st day of March, 2022.

          /s/ Charles S. Coody
          CHARLES S. COODY
          UNITED STATES MAGISTRATE JUDGE