IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOE RANGER PICKETT, # 128361,  )<br>  )<br>  Petitioner,  )<br>  )<br>v.  )<br>  )<br>REOSHA BUTLER, *et al.,*  )<br>  )<br>  Respondents.  ) | Civil Action No.<br>2:20-cv-162-WHA-CSC<br>(WO) |

### ORDER

This case is before the Court on the March 22, 2022 Recommendation of the Magistrate Judge (Doc. 58) and Petitioner's objections thereto (Doc. 59). Following an independent evaluation and *de novo* review of the file, the Court finds the objections to be without merit and due to be overruled.

In his 28 U.S.C. § 2254 petition, as amended, Petitioner asserted various claims challenging his 1985 Pike County, Alabama conviction for robbery in the first degree and his sentence of 99 years' imprisonment. Docs. 1 & 31. The Magistrate Judge found that Petitioner's § 2254 petition should be denied and dismissed with prejudice because it is time-barred under the AEDPA's one-year statute of limitations, 28 U.S.C. § 2244(d). The Magistrate Judge also evaluated Petitioner's claim of "actual innocence" and found the claim to be based on a meritless legal theory.

In his objections (Doc. 59), Petitioner does not directly address the Magistrate Judge's finding that his petition is untimely under the AEDPA's statute of limitations. Instead, he argues—for the first time—that application of the statute of limitations violates

the Constitution's Ex Post Facto Clause because, he says, the 1985 robbery conviction he challenges in his petition became final before enactment of the AEDPA. Doc. 59 at 5. This argument by Petitioner is foreclosed by well-established federal law. *See, e.g., Verikokidis v. Galetka,* 42 F. App'x 311, 312 (10th Cir. 2002) (Application of the AEDPA's period of limitations to the habeas petition of a prisoner challenging a conviction imposed before enactment of the AEDPA did not violate the Ex Post Facto Clause as "[t]he Ex Post Facto Clause is only applicable when a law retrospectively alters the definition of criminal conduct or increases the punishment for the crime" and "application of AEDPA to [Petitioner's] petition does not implicate either of these problems."); *Seymour v. Walker,* 224 F. 3d 542, 560 (6th Cir. 2000) (citation omitted) (The petitioner's claim that the district court erred in applying the AEDPA's limitation period to her habeas petition challenging a 1990 manslaughter conviction "is entirely without merit. . . .  Since [the AEDPA] 'neither made criminal a theretofore innocent act, nor aggravated a crime previously committed, nor provided a greater punishment, nor changed the proof necessary to convict,' its application to [Petitioner] does not violate the Ex Post Facto Clause."); *Libby v. Magnusson,* 177 F.3d 43, 46 (1st Cir. 1999) (holding that application of the AEDPA's limitation period and successive petition restrictions to a habeas petition challenging petitioner's 1987 murder conviction did not violate the Ex Post Facto Clause); *Neelley v.*

*Nagle,* 138 F.3d 917, 921 (11th Cir. 1998), *overruled on other grounds*, *Parker v. Head,* 244 F.3d 813, 835 (11th Cir. 2001) (Petitioner's argument "that application of AEDPA to her petition would be fundamentally unfair and a violation of the Constitution's Ex Post Facto Clause, as [the] AEDPA was not enacted until after [her capital murder conviction was final] and she [had] exhausted her state court remedies[,] . . . is without merit."). Because the AEDPA's statute of limitations does not alter the definition of criminal conduct or increase the punishment for the crime, application of the statute of limitations in Pickett's case does not violate the Ex Post Facto Clause. *See Verikokidis,* 42 F. App'x at 312.

In his objections, Petitioner also argues that United States Magistrate Judge Charles S. Coody should recuse himself from proceedings on his habeas petition based on Judge Coody's alleged bias against Petitioner and a conflict of interest allegedly created by Petitioner's recent filing of a civil action naming Judge Coody as a defendant.[1] Doc. 59 at 5–6. This Court has previously addressed motions by Petitioner seeking Judge Coody's recusal. *See* Docs. 52, 53 & 56. In denying those motions, the Court found no valid basis for the requested recusal. Doc. 56.

The relevant statute regarding judicial disqualifications provides that "[a]ny justice,

---

[1] The undersigned Judge is also named by Petitioner as a defendant in the same recently filed civil action. *See Pickett v. Albritton*, Civil Action No. 2:22-cv-135-WKW-JTA.

3

judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "A judge is not disqualified merely because a litigant sues or threatens to sue him." *In re Bush*, 232 F. App'x 852, 854 (11th Cir. 2007) (quoting *United States v. Grismore*, 564 F.2d 929, 933 (10th Cir. 1977)). "Such an easy method for obtaining disqualification should not be encouraged or allowed." *Ronwin v. State Bar of Az.*, 686 F.2d 692, 701 (9th Cir. 1981). *See, e .g., Azubuko v. Royal*, 443 F.3d 302, 304 (3d Cir. 2006) (holding that district judge did not abuse her discretion in refusing to withdraw from case by pro se litigant against another federal judge where pro se litigant also had a lawsuit pending against district judge because the fact that pro se litigant had sued numerous federal judges, including the one handling the case was not sufficient to establish that recusal was warranted under 28 U.S.C. § 144 or § 455(a)); *United States v. Studley*, 783 F.2d 934, 939–40 (9th Cir. 1986) (district judge did not err in denying criminal defendant's motion for recusal based on lawsuit filed by criminal defendant against the district judge before sentencing). Thus, in this Court's view, neither Judge Coody nor any other judge of this Court, including the undersigned Judge, is precluded from handling Petitioner's instant habeas petition. Petitioner continues to state no valid basis for disqualification or recusal.

The Court agrees with the findings of the Magistrate Judge that Petitioner's § 2254

4

petition is time-barred and that Petitioner's actual-innocence argument lacks merit. For this reason and for the reasons discussed above, Petitioner's objections (Doc. 59) are OVERRULED, the Court ADOPTS the Recommendation of the Magistrate Judge (Doc. 58), and it is hereby ORDERED that the petition for writ of habeas corpus under 28 U.S.C. § 2254 is DENIED and that this case be DISMISSED with prejudice.

DONE this 7th day of April, 2022.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE